UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INES LOPEZ, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>        Defendants. | Case No.: 3:16-cv-00202-L-JMA<br><br>**ORDER DENYING MOTION [Doc. 16] FOR RECONSIDERATION** |

Pending before the Court is Defendants' motion for reconsideration of this Court's Order (the "Order" [Doc. 15]) denying in part Defendants' motion to dismiss. The parties are aware of the factual background of this case, which was addressed in the Order. Of relevance to the present motion, the Court's Order held that (1) Plaintiffs adequately alleged that municipal Defendants were on notice of a pattern of similar constitutional violations and (2) Decedent's absent children are not necessary parties for purposes of Fed. R. Civ. P. 19. (See Order.) Defendants seek reconsideration of these two holdings. (See Mot. [Doc. 16].)

 A district court has the power to reconsider and amend a previous order. See Fed. R. Civ P. 59(e). However, a district court generally should not grant a motion for reconsideration unless (1) the moving party presents newly discovered evidence, (2) there

is an intervening change in the controlling law or (3) the original ruling was clearly erroneous. *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Defendants' first argument is that it was clear error for the Court to conclude that Plaintiff had accurately alleged a "pattern of similar constitutional violations" because Plaintiffs have not alleged that any similar previous constitutional violations led to judgments. In doing so, Defendants rehash the exact same arguments the Court already gave full consideration to in its previous Order. (See Order 10:5–20.)

The Court still finds Defendants' argument unpersuasive. To wit, from the fact that allegations of a "pattern of constitutional violations"[1] are necessary to sustain a cause of action for municipal liability based on a failure to train, it does not follow that the individual constitutional violations that make up said pattern must have triggered judgments in previous judicial proceedings. More concisely, an action that violates the Constitution is not any less unconstitutional because it has not been the subject of a previous lawsuit. *See Nesmith v. Cnty. of San Diego*, No 15-cv-629-JLS, Slip. Op. at 2–5 (S.D. Cal. March 30, 2017) (same holding).

Next, Defendants argue that the Court committed clear error in concluding that the Decedent's absent children are not required parties for purposes of Fed. R. Civ. P. 19. Defendants contend the absent children are required because, if they are not joined, Defendants could be subject to inconsistent adjudications on some of Plaintiffs' claims—for example: by winning this case and losing a future case brought by a currently absent child alleging the same claims and facts.

The problem with this argument is that it complains of inconsistent adjudications rather than inconsistent obligations. The Ninth Circuit has explained that

> [i]nconsistent obligations" are not ... the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when

---

[1] *Connick v. Thompson*, 563 U.S. 51, 62 (2011).

2

3:16-cv-00202-L-JMA

a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.

*Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty.*, 547 F.3d 962, 976 (9th Cir. 2008) (*quoting Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998). Unlike the possibility of inconsistent obligations, the mere possibility of inconsistent adjudications does not render an absent party necessary. *Id.* Accordingly, the Court **DENIES** Defendants' motion for reconsideration.

**IT IS SO ORDERED.**

Dated: April 10, 2017

_____
Hon. M. James Lorenz
United States District Judge